IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| LUNDON GOODEN, on behalf of himself and others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>XSPORT FITNESS, INC.<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Lundon Gooden, on behalf of himself and all other similarly situated individuals, files this Complaint against Defendant XSPORT FITNESS, INC., because Defendant failed to properly pay wages to Plaintiff and other similarly situated individuals.

2. Plaintiff's claims are made pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et. seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115 *et. seq.*

3. Defendant has routinely failed to pay its employees overtime wages when its employees work more than forty hours per week. Defendant's refusal to pay overtime is a violation of the FLSA and the IMWL.

4. Defendant has routinely failed to pay its employees the minimum legal wage for the State of Illinois. Defendant's refusal to pay the minimum wage is a violation of the FLSA and the IMWL.

5. Defendant has routinely improperly reduced commission fees paid to employees for sales made, which has resulted in Defendant failing to pay employees their full, earned commission compensation. Defendant's refusal to pay employees their full commission fees is a violation of the IWPCA.

1

## THE PARTIES

6. Defendant is a fitness club chain. Defendant generates revenue by selling gym memberships and fitness-related products and services at its various locations.

7. Defendant conducts business and hires employees in Illinois.

8. Defendant has approximately thirty-one (31) locations across the Chicagoland area. These locations are in Chicago, Illinois, areas of Cook County, Illinois, and surrounding counties.

9. Defendant's principal office location in Illinois is 6420 West Fullerton Avenue, Chicago, IL 60707

10. Plaintiff has worked as an employee for Defendant since April 2017. He currently works at Defendant's location in Naperville, Illinois.

11. Plaintiff currently resides in Illinois.

12. The similarly situated employees are individuals that Defendant employs or previously employed who were responsible for providing services for Defendant.

13. At all relevant times for this Complaint, Plaintiff was Defendant's "employee" and Defendant was Plaintiff's employer under the FLSA, the IMWL, and the IWPCA.

14. Defendant is an "enterprise" under the FLSA and is engaged in commerce or the production of goods.

15. Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to Section 216(b) of the FLSA and 28 U.S.C. § 1331.

17. Supplemental jurisdiction over the Illinois statutory claims alleged in this Complaint is conferred on this Court by 28 U.S.C. § 1367(a).

18. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 as Defendant's principal office is located in this District.

## FACTUAL BACKGROUND

19. Until March 16, 2018, Plaintiff was an assistant manager for Defendant.

20. Plaintiff has worked for Defendant since April 2017.

21. Defendant pays its managers and assistant managers, including Mr. Gooden, an annual base salary of $23,600 ("Overtime and Minimum Wage Class").

22. Defendant requires its managers and assistant managers, including Plaintiff, to work a minimum of 55 hours per week.

23. Defendant's managers and assistant managers, including Plaintiff, typically work more than 55 hours per week.

24. Defendant does not pay its managers or assistant managers, including Plaintiff, overtime pay.

25. Defendant does not pay its managers or its assistant managers, including Plaintiff, additional money if these employees work more than 40 hours in a week.

26. The hourly rate for Defendant's managers and assistant managers, including Plaintiff, is less than $8.25 an hour because the employees work more than 55 hours per week and receive a $23,600.00 annual base salary.

27. Defendant's managers and assistant managers are not exempt employees.

28. Defendant's managers' and assistant mangers' primary duty is not managing Defendant's enterprise or a department or subdivision of an enterprise.

29. Defendant's managers and assistant managers primarily sell gym memberships and fitness-related products and services.

30. Defendant's assistant managers do not have the ability to hire or fire any employees.

31. Defendant's assistant managers do not regularly direct the work of at least two or more full-time employees.

32. Defendant's managers and assistant managers do not have advanced knowledge in a field of science or learning.

33. Defendant does not require that its managers or assistant managers have any advanced certifications.

34. The primary duty of Defendant's managers and assistant managers is not the performance of office or non-manual work directly related to the management of the company.

35. Defendant's managers and assistant managers do not exercise discretion or independent judgment for matters of significance.

36. Defendant's managers and assistant managers primarily work from one of Defendant's locations.

37. Defendant is aware that Plaintiff and other similarly situated individuals work more than forty hours in a work week.

38. Under FLSA, Plaintiff and other similarly situated individuals are entitled to receive one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a week.

39. Under the IMWL, Plaintiff and other similarly situated individuals are entitled to receive one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a week.

40. Plaintiff files the FLSA claims as a collective action. Plaintiff's consent form is attached as Exhibit A.

41. Plaintiff files the IMWL claims as a class action under Federal Rule of Civil Procedure 23.

42. In addition to his base pay, Plaintiff and similarly situated class members are entitled to receive commission payments.

43. Defendant pays a commission to its managers, assistant managers, and hourly employees ("Commission Class").

44. Defendant promised to pay members of the Commission Class commissions after the members reach a "commission threshold."

45. On numerous occasions, Defendant failed to pay Plaintiff and other members of the Commission Class commissions for work they performed.

46. Defendant routinely made improper deductions from the commission compensation due to Commission Class members.

47. Plaintiff and other similarly situated individuals have communicated concerns regarding their pay to Defendant.

48. Plaintiff e-mailed Defendant numerous times between October 2017 and March 2018 to express concern that Defendant was not properly paying him, and to ask for clarification on how Defendant calculated his compensation.

49. Defendant was aware that members of the Commission Class are owed additional compensation.

50. Defendant's misconduct violates the IWPCA.

51. Plaintiff files the IWPCA claim as a class action under Federal Rule of Civil Procedure 23.

### COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Section 216(b) Collective Action)

52. Plaintiff re-alleges and incorporates paragraphs 1-51 as if re-alleged here.

53. Defendant was the employer of the Overtime and Minimum Wage Class during the relevant time period. This class encompasses Defendant's managers and assistant managers.

54. The members of the Overtime and Minimum Wage Class are not exempt employees under FLSA.

55. Defendant required the members of the Overtime and Minimum Wage Class to work a minimum of 55 hours per week.

56. Defendant paid the members of the Overtime and Minimum Wage Class a base salary of $23,600.

57. Defendant did not pay additional compensation, or overtime, to the members of the Overtime and Minimum Wage Class when the employees worked more than 40 hours per week.

58. Defendant knew, or should have known, that the members of the Overtime and Minimum Wage Class were working more than forty hours in a given week.

59. Based on the foregoing, Defendant violated the FLSA.

60. As a direct and proximate result of Defendant's unlawful conduct, the members of the Overtime and Minimum Wage Class have suffered and will continue to suffer lost wages and other damages.

61. Under FLSA, Plaintiff and other similarly situated individuals are entitled to their unpaid wages, liquidated damages, and reasonably attorneys' fees and court costs.

## **PRAYER FOR RELIEF**

62. WHEREFORE Plaintiff and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A. That a finding be entered that Defendant willfully violated the FLSA;

B. For the past three years, that Plaintiff and other similarly situated individuals be awarded damages in an amount equal to the unpaid overtime compensation due to them for each hour they worked in excess of forty in any given week, but for which Defendant failed to pay them at a rate equal to or greater than one and one-half times the regular rate at which they were employed;

C. That Plaintiff and other similarly situated individuals be awarded statutory liquidated damages in an amount equal to the actual damages, as allowed by the FLSA;

D. That Plaintiff and other similarly situated individuals be awarded interest on all amounts awarded;

E. That Plaintiff and other similarly situated individuals be awarded their costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

F.  That Plaintiff and other similarly situated individuals be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the FLSA.

### COUNT II – FAILURE TO PAY MINIMUM WAGE VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Rule 216(b) Collective Action)

63. Plaintiff re-alleges and incorporates paragraphs 1-62 as if re-alleged here.

64. Defendant was the employer for the members of the Overtime and Minimum Wage Class. These are the managers and assistant managers that work for the Defendant.

65. The members of the Overtime and Minimum Wage Class were employees under FLSA and were not exempt.

66. Defendant typically paid the members of the Overtime and Minimum Wage Class less than minimum wage.

67. Defendant required the members of the Overtime and Minimum Wage Class to work a minimum of 55 hours per week.

68. The members of the Overtime and Minimum Wage Class typically worked more than 55 hours per week.

69. Defendant paid the members of the Overtime and Minimum Wage Class a salary of $23,600.

70. Defendant typically paid the members of the Overtime and Minimum Wage Class less than $8.25 an hour.

71. The minimum wage in the State of Illinois is $8.25.

72. Some members of the Overtime and Minimum Wage Class work in Chicago, Illinois or other areas of Cook County, Illinois.

73. Starting July 1, 2015, the minimum wage in Chicago, Illinois was $10.00 an hour.

74. Starting July 1, 2016, the minimum wage in Chicago, Illinois was $10.50 an hour.

75. Starting July 1, 2017, the minimum wage in Chicago, Illinois was $11.00 an hour.

76. Since July 1, 2018, the minimum wage in Chicago, Illinois is $11.50 an hour.

77. In many areas of Cook County, Illinois, starting in July 1, 2017, the minimum wage was raised to $10.00 an hour.

78. Defendant knew, or should have known, that it was paying less than the minimum wage to members of the Overtime and Minimum Wage Class.

79. Based on the foregoing, Defendant violated the FLSA.

80. As a direct and proximate result of Defendant's unlawful conduct, members of the Overtime and Minimum Wage Class have suffered and will continue to suffer lost wages and other damages.

81. Under FLSA, Plaintiff and other similarly situated individuals are entitled to their unpaid wages, liquidated damages, and reasonably attorneys' fees and court costs.

## PRAYER FOR RELIEF

82. WHEREFORE Plaintiff and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

   A. That a finding be entered that Defendant willfully violated the FLSA;

   B. For the past three years, that Plaintiff and other similarly situated individuals be awarded damages in an amount equal to the unpaid compensation due to them for each hour they worked, but for which Defendant failed to pay them at a rate equal to or greater than the legal minimum wage.

   C. That Plaintiff and other similarly situated individuals be awarded statutory liquidated damages in an amount equal to the actual damages, as allowed by the FLSA;

   D. That Plaintiff and other similarly situated individuals be awarded interest on all amounts awarded from the date payment was originally owed;

   E. That Plaintiff and other similarly situated individuals be awarded their costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

   F. That Plaintiff and other similarly situated individuals be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the FLSA.

### COUNT III – FAILURE TO PAY OVERTIME IN VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
(Rule 23 Class Action)

83. Plaintiff re-alleges and incorporates paragraphs 1-82 as if re-alleged here.

84. Defendant employed members of the Overtime and Minimum Wage Class as managers and assistant managers.

85. Members of the Overtime and Minimum Wage Class are not exempt employees.

86. Defendant required members of the Overtime and Minimum Wage Class to work a minimum of 55 hours per week.

87. Defendant paid a $23,600.00 annual base salary to members of the Overtime and Minimum Wage Class.

88. Defendant did not pay additional compensation or overtime for members of the Overtime and Minimum Wage Class when those employees worked more than 40 hours per week.

89. Defendant knew, or should have known, that members of the Overtime and Minimum Wage Class worked more than forty hours in a given week.

90. Defendant violated the IMWL.

91. Defendant's violation of the IMWL was willful in that Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

92. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

93. This Count is brought under Rule 23, because other persons are similarly situated to Plaintiff and they are so numerous that joinder of all members is impracticable.

94. Members of the Overtime and Minimum Wage Class are equally impacted by Defendant's violation of the overtime law, and the relief sought is for the benefit of both the individual Plaintiff and the class Plaintiff seeks to represent.

95. The issues involved in this lawsuit present common questions of law and fact.

96. The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

97. Plaintiff and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

98. The violation Plaintiff alleges is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

99. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

100. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

101. If individual actions were required to be brought by each of the similarly situated individuals impacted, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

102. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of a common fund to which the class is entitled.

103. Under the IMWL, Plaintiff and other similarly situated individuals are entitled to their unpaid wages for three years, monthly damages for the underpayments, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

104. WHEREFORE Plaintiff and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

   A. That a finding be entered that Defendant willfully violated the IMWL;

   B. For the past three years, that Plaintiff and other similarly situated individuals be awarded damages in an amount equal to the unpaid overtime compensation due to them for each hour they worked in excess of forty in any given week, but for which Defendant failed to pay them at a rate equal to or greater than one and one-half times the regular rate at which Plaintiff and other similarly situated individuals were employed;

      C.      That Plaintiff and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remained unpaid;

      D.      That Plaintiff and other similarly situated individuals be awarded interest on all amounts awarded;

      E.      That Plaintiff and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

      F.      That Plaintiff and other similarly situated individuals be awarded such other and further relief as this Honorable Court deems necessary to effectuate the purpose of the IMWL.

### COUNT IV – FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
(Rule 23 Class Action)

105. Plaintiff re-alleges and incorporates paragraphs 1-104 as if re-alleged here.

106. Defendant employed members of the Overtime and Minimum Wage Class as managers and assistant managers.

107. Members of the Overtime and Minimum Wage Class were employees under IMWL and were not exempt.

108. Defendant paid members of the Overtime and Minimum Wage Class less than minimum wage.

109. Defendant required members of the Overtime and Minimum Wage Class to work a minimum of 55 hours per week.

110. Members of the Overtime and Minimum Wage Class typically worked more than 55 hours per week.

111. Defendant paid members of the Overtime and Minimum Wage Class a salary of $23,600.

112. Defendant typically paid members of the Overtime and Minimum Wage Class less than $8.25 an hour.

113. The minimum wage in the State of Illinois is $8.25.

114. Some members of the Overtime and Minimum Wage Class work in Chicago, Illinois or other areas of Cook County, Illinois.

115. Starting July 1, 2015, the minimum wage in Chicago, Illinois was $10.00 an hour.

116. Starting July 1, 2016, the minimum wage in Chicago, Illinois was $10.50 an hour.

117. Starting July 1, 2017, the minimum wage in Chicago, Illinois was $11.00 an hour.

118. Since July 1, 2018, the minimum wage in Chicago, Illinois is $11.50 an hour.

119. In many areas of Cook County, Illinois, starting July 1, 2017, the minimum wage was raised to $10.00 an hour.

120. Defendant knew, or should have known, that it was paying less than the minimum wage to members of the Overtime and Minimum Wage Class.

121. Based on the foregoing, Defendant violated the IMWL.

122. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

123. Defendant's violation of the IMWL was willful in that Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

124. This Count is brought under Rule 23, because other persons are similarly situated to Plaintiff and they are so numerous that joinder of all members is impracticable.

125. Plaintiff and other similarly situated individuals are equally impacted by Defendant's violation of the overtime law, and the relief sought is for the benefit of both the individual Plaintiff and the class that Plaintiff seeks to represent.

126. The issues involved in this lawsuit present common questions of law and fact.

127. The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

128. Plaintiff and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

129. The violation Plaintiff alleges is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

130. Plaintiff believes he is able to fairly and adequately represent and protect the interests of the class.

131. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

132. If individual actions were required to be brought by each of the similarly situated individuals impacted, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

133. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of a common fund to which the class is entitled.

134. Under the IMWL, Plaintiff and other similarly situated individuals are entitled to their unpaid wages for three years, monthly damages for the underpayments, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

135. WHEREFORE Plaintiff and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

   A. That a finding be entered that Defendant willfully violated the IMWL;

   B. For the past three years, that Plaintiff and other similarly situated individuals be awarded damages in an amount equal to the unpaid compensation due to them for each hour they worked, but for which Defendant failed to pay them at a rate equal to or greater than the legal minimum wage.

   C. That Plaintiff and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

   D. That Plaintiff and other similarly situated individuals be awarded interest on all amounts awarded;

   E. That Plaintiff and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

F. That Plaintiff and other similarly situated individuals be awarded such other and further relief as this Honorable Court deems necessary to effectuate the purpose of the IMWL.

## COUNT V – FAILURE TO PAY COMMISSIONS IN VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Rule 23 Class Action)

136. Plaintiff adopts and re-alleges paragraphs 1-135 as if fully alleged here.

137. At all relevant times for this Complaint, the IWPCA was in effect.

138. Defendant employed the Commission Class as managers, assistant managers and hourly employees.

139. Section 3 of the IWPCA provides that Defendant must pay Plaintiff and other similarly situated individuals their wages at least semi-monthly: "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." *See* 820 ILCS § 115/3.

140. Members of the Commission Class were entitled to receive compensation for all of their work, including sales that earned them commission fees.

141. Defendant failed to pay members of the Commission Class their full, earned compensation, due and owning.

142. Based on the forgoing, Defendant violated the IWPCA.

143. This Count is brought under Rule 23, because other persons are similarly situated to Plaintiff and they are so numerous that joinder of all members is impracticable.

144. Plaintiff and other similarly situated individuals are equally impacted by Defendant's violation of the IWPCA, and the relief sought is for the benefit of the individual Plaintiff and the class Plaintiff seeks to represent.

145. The issues involved in this lawsuit present common questions of law and fact.

146. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

147. Plaintiff and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

148. The violation Plaintiff alleges is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

149. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

150. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

151. If individual actions were required to be brought by each of the similarly situated individuals impacted, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

152. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of a common fund to which the class is entitled.

153. Because Plaintiff and other similarly situated individuals have been forced to take legal action to receive their wages, Plaintiff and other similarly situated individuals are now entitled to receive their unpaid wages, along with attorneys' fees and costs and 2% interest each month for any late payments. *See* 820 ILCS § 115/14(a).

154. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

## PRAYER FOR RELIEF

155. WHEREFORE Plaintiff and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

    A. That a finding be entered that Defendant violated the IWPCA;

    B. For the past ten years, that Plaintiff and other similarly situated individuals be awarded damages in an amount equal to the unpaid compensation due and owing;

    C. That Plaintiff and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    D. That Plaintiff and other similarly situated individuals be awarded interest on all amounts awarded;

    E. That Plaintiff and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

    F. That Plaintiff and other similarly situated individuals be awarded such other and further relief as this Honorable Court deems necessary to effectuate the purpose of the IWCPA.

Dated: March 27, 2018

                                                            Respectfully submitted,

                                            By:    /s/ Amit Bindra
                                                         One of the Plaintiffs' Attorneys

Richard R. Gordon
Gordon Law Offices, Ltd.
211 West Wacker Drive, Suite 500
Chicago, Illinois 60606
P: (312) 332-5200
F: (312) 236-7727
E: rrg@gordonlawchicago.com

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
1 East Wacker Drive, Suite 550
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822