**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| **LUNDON GOODEN, et al., on behalf of themselves and others similarly situated,** | ) Case Number: 1:18-cv-02200 |
| Plaintiffs, | ) ) Honorable Judge Manish S. Shah |
| v. | ) ) Honorable Magistrate Judge ) Mary Rowland |
| **CF MANAGEMENT-IL, LLC and CAPITAL FITNESS, INC. both d/b/a XSPORT FITNESS, INC.** | ) ) ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

1.      Plaintiffs – Lundon Gooden, Phoenix Alazam, Ryan Augustine, Bill Cronch, Rocco Cordaro, Bertin Covarruias, Matthew Darwit, Cris Goyco, Gregory Gray, Steve Herbert, Krystal Hugelier, Konstantinos Kourpas, Steven Kroeze, Ebony Little, José Lopez, Eddie Marquie, Chris Marron, Vincenza Moreci, Steven Moshe, Colin Parker, Lauren Romano, Gabriel Sargent, Steven Sceerey, Jason Shaw, Joseph Voss, Jameel Wesley, and Jenna Wolthusen – on behalf of themselves and all other similarly situated individuals, file this Second Amended Complaint against CF Management-IL, LLC ("CF") and Capital Fitness, Inc. ("Capital Fitness") who both d/b/a XSPORT FITNESS, INC. ("XSport") (collectively "Defendant"), because Defendant failed to properly pay wages to Plaintiffs and other similarly situated employees.

2.      Plaintiffs' claims are made pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et. seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115 *et. seq.*

3.      Defendant has routinely failed to pay its employees overtime wages when its employees work more than forty hours per week. Defendant's refusal to pay overtime is a violation of the FLSA and the IMWL.

1

4.      Defendant also required certain employees to work without paying these employees for all hours they worked. Such misconduct also violates FLSA and the IMWL.

5.      Defendant has routinely improperly reduced commission fees paid to employees for sales made, which has resulted in Defendant failing to pay employees their full, earned commission compensation. Defendant's refusal to pay employees their full commission fees is a violation of the IWPCA.

## THE PARTIES

6.      Defendant is a fitness club chain. Defendant generates revenue by selling gym memberships and fitness-related products and services at its various locations.

7.      Defendant conducts business and hires employees in Illinois.

8.      Defendant has approximately thirty-one (31) locations across the Chicagoland area. These locations are in Chicago, Illinois, other areas of Cook County, Illinois, and surrounding counties.

9.      Defendant is a corporation organized under the laws of the State of Illinois and has its principal offices in Big Rock, Illinois. CF is a limited liability company organized under the laws of the State of Illinois and has its principal offices in Big Rock, Illinois. Capital Fitness, and CF both do business as XSport Fitness. CF is a wholly owned subsidiary of Capital Fitness. Capital Fitness and CF do not observe normal corporate formalities as each uses the other's name interchangeably, each operates out of the same office, and they share common officers and directors. Defendant exercised control over the working conditions of the Plaintiffs and other employees. Capital Fitness and CF are individually and jointly liable for the conduct in this SAC.

10.     On June 29, 2018, this Court approved a class and collective action settlement in *Vlk v. Capital Fitness, Inc. and CF Management-IL, LLC*, No. 1:17-cv-02952, ECF Nos. 39–40

(referred to as the "Vlk Litigation"). Based on publicly available information to date, it does not appear that the VLK Litigation is applicable to the three classes identified in this SAC.

11.     Mr. Gooden worked as an employee for Defendant between April 2017 and April 2018. Mr. Gooden currently resides in Illinois. Until April 6, 2018, Mr. Gooden was an assistant general manager for Defendant. He is owed unpaid overtime wages and commissions.

12.     Ms. Alazam worked for Defendant between approximately August 2014 and February 2017 in various roles, including as a personal trainer, assistant fitness manager, floating fitness manager, and fitness manager. She worked in several of Defendant's locations. She is owed wages along with earned, but unpaid, commissions.

13.     Mr. Augustine worked for Defendant between approximately December 2012 and April 2016 in various roles, including physical trainer, assistant fitness manager, fitness manager, assistant general manager, general manager, and assistant manager. He worked in several of Defendant's locations. He is owed earned, but unpaid, commissions.

14.     Mr. Cordaro worked for Defendant between approximately January 2011 and July 2016 as a personal trainer. He is owed wages along with earned, but unpaid, commissions.

15.     Mr. Covarruias worked as a sales counselor, sales manager, secondary assistant general manager, and primary assistant general manager between approximately October 2014 and February 2017 in several of Defendant's locations. He is owed earned, but unpaid, wages and commissions.

16.     Mr. Cronch worked for Defendant between approximately November 2016 and January 2017 as a sales associate and as an assistant general manager in several of Defendant's locations. He is owed earned, but unpaid, wages and commissions.

17.     Mr. Darwit worked for Defendant between approximately July 2012 and August 2016 as a fitness counselor, secondary sales manager, assistant general manager, general manager, fitness manager, and XIT manager. He worked at several of Defendant's locations. He is owed earned, but unpaid, commissions.

18.     Mr. Goyco worked for Defendant between approximately February 2002 and July 2017 as a personal trainer and a group training coordinator. He worked at several of Defendant's locations. He is owed earned, but unpaid, wages and commissions.

19.     Mr. Gray worked for Defendant for various periods between December 2008 and March 2018 and in several different roles, including personal trainer and XIT manager/supervisor. He is owed earned, but unpaid, wages and commissions.

20.     Ms. Hugelier worked for Defendant between approximately November 2007 and January 2013 in various roles, including front desk clerk, operations manager, and secondary sales manager. She is owed earned, but unpaid, commissions.

21.     Mr. Kourpas worked for Defendant for various periods between November 2014 and June 2015 as a general manager and secondary assistant manager at several of Defendant's locations. He is owed earned, but unpaid, wages and commissions.

22.     Mr. Kroeze worked for Defendant between approximately September 2012 and January 2015 in several roles, including sales associate and secondary assistant manager, and he worked at several of Defendant's locations. He is owed earned, but unpaid, commissions.

23.     Ms. Little worked for Defendant between approximately August 2012 and August 2015 as a front desk clerk and an assistant operations manager. She is owed earned, but unpaid, commissions.

24.     Mr. Lopez worked for Defendant between approximately February 2008 and July 2014 in several roles, including sales associate, sales manager, secondary assistant general manager, and primary assistant general manager, at several of Defendant's locations in Chicago and in New York. He is owed earned, but unpaid, commissions.

25.     Mr. Marquie worked for Defendant for various periods between approximately October 2012 and 2016 in several roles, including as a secondary assistant general manager, a primary assistant general manager, and a regional marketing manager. He is owed earned, but unpaid, wages and commissions.

26.     Ms. Moreci worked for Defendant between approximately December 2011 and March 2016 in various roles, including sales counselor, personal trainer, and spa manager and she worked at several of Defendant's locations. She is owed earned, but unpaid, wages and commissions.

27.     Mr. Moshe worked for Defendant for various periods between 2008 and 2014, and he worked in several roles, including sales counselor, secondary assistant general manager, and general manager. He is owed earned, but unpaid, commissions.

28.     Mr. Parker worked for Defendant between approximately May 2016 and January 2018 as an XIT manager in several of Defendant's locations. He is owed earned, but unpaid, commissions.

29.     Mr. Shaw worked for Defendant between approximately June 2007 and December 2013 as an assistant manager and personal trainer in several of Defendant's locations. He is owed earned, but unpaid, commissions.

5

30.     Mr. Voss worked for Defendant between approximately January 2016 and April 2017 at several of Defendant's locations and in several roles, including fitness manager. He is owed earned, but unpaid, commissions.

31.     Ms. Wolthusen worked for Defendant between approximately November 2007 and March 2015 in several roles, including sales counselor secondary assistant general manager, and assistant general manager, in several of Defendant's locations. She is owed is owed earned, but unpaid, commissions.

32.     Mr. Marron worked for Defendant during various periods between approximately 2009 and 2016 in several roles, including personal trainer, assistant fitness manager, and XIT manager, at several of Defendant's locations. He is owed overtime wages along with earned, but unpaid, commissions.

33.     Ms. Romano worked for Defendant between approximately April 2014 and October 2015 in various roles, including front desk clerk, assistant spa manager, and spa manager at several of Defendant's locations. She is owed overtime wages.

34.     Mr. Sargent worked for Defendant as a secondary assistant manager at several of Defendant's locations between approximately December 2012 and May 2015. He is owed overtime wages along with earned, but unpaid, commissions.

35.     Mr. Sceerey worked for Defendant as a secondary assistant general manager between approximately October 2017 and July 2017. He is owed overtime wages along with earned, but unpaid, commissions.

36.     Mr. Herbert worked for Defendant between approximately March 2014 and June 2016, and again between approximately September 2016 and March 2018. Mr. Herbert worked

as a sales associate, XIT manager, fitness manager, and regional manager at several of Defendant's locations. He is owed earned, but unpaid, commissions.

37.     Mr. Wesley worked for Defendant between approximately September 2016 and May 2017, and again between November 2017 and the present. He has worked for Defendant in several roles, including sales representative, assistant general manager, and personal trainer. He is owed overtime wages along with earned, but unpaid, commissions.

38.     The other Plaintiffs are current and former employees of Defendant and who worked for Defendant in Illinois.

39.     The similarly situated employees are individuals that Defendant employs or previously employed who were responsible for providing services for Defendant.

40.     At all relevant times for this Complaint, Plaintiffs were Defendant's "employees" and Defendant was Plaintiffs' employer under the FLSA, the IMWL, and the IWPCA.

41.     Defendant is an "enterprise" under the FLSA and is engaged in commerce or the production of goods.

42.     Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

## JURISDICTION AND VENUE

43.     This Court has subject matter jurisdiction over this action pursuant to Section 216(b) of the FLSA and 28 U.S.C. § 1331.

44.     Supplemental jurisdiction over the Illinois statutory claims alleged in this Complaint is conferred on this Court by 28 U.S.C. § 1367(a).

45.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 as Defendant's principal office is located in this District.

## FACTUAL BACKGROUND

46.     Defendant typically pays most of its assistant general managers, sales employees, and fitness consultants an annual starting base salary of approximately $23,600 ("Overtime Class") and misclassifies these employees as "exempt."

47.     Defendant requires the Overtime Class to work a minimum of 55 hours per week.

48.     The Overtime Class typically work more than 55 hours per week.

49.     Defendant does not pay the Overtime Class overtime pay.

50.     Defendant does not pay its Overtime Class additional money if these employees work more than 40 hours in a week.

51.     Defendant misclassified the Overtime Class as exempt employees.

52.     The primary duty for members of the Overtime Class is not managing Defendant's enterprise or a department or subdivision of an enterprise.

53.     Defendant's assistant general managers and sales employees primarily sell gym memberships and fitness-related products and services.

54.     The fitness consultants sell gym products.

55.     The members of the Overtime Class do not have unilateral ability to hire or fire any employees.

56.     The members of the Overtime Class do not regularly direct the work of at least two or more full-time employees.

57.     Defendant does not require the members of the Overtime Class to have advanced knowledge in a field of science or learning.

58.     Defendant does not require the members of the Overtime Class to have any advanced certifications.

8

59.     The primary duty of the members of the Overtime Class is not the performance of office or non-manual work directly related to the management of the company.

60.     The members of the Overtime Class do not exercise discretion or independent judgment for matters of significance.

61.     The members of the Overtime Class primarily work from one of Defendant's locations.

62.     Defendant is aware that Plaintiffs and other similarly situated individuals work or worked more than forty hours in a work week.

63.     Defendant also hires personal trainers to provide physical training services to its customers and clients. Defendant typically pays these trainers an hourly wage depending on the service the trainer provides. Defendant often required these trainers to work numerous hours without receiving compensation, and these trainers often worked more than forty (40) hours per week, but did not receive overtime wages ("Personal Training Class").

64.     When Defendant's personal trainers are not training Defendant's customers and clients, Defendant requires its personal trainers to be at Defendant's location and provide other services for Defendant. But Defendant does not compensate the trainers for these services. For example, Defendant often requires its personal trainers to clean up the gym, but does not pay its trainers for this time. Defendant also required its personal trainers to appear at their locations on Saturdays, but did not always pay these trainers for this time. And, if a customer or client did not appear for an appointment, Defendant would not pay the personal trainers, even if the personal trainers were at Defendant's location and even if the trainers were conducting other work.

65. Under FLSA, Plaintiffs and other similarly situated individuals are entitled to receive one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a week.

66. Under the IMWL, Plaintiffs and other similarly situated individuals are entitled to receive one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a week.

67. Under FLSA and the IMWL, the members of the Personal Training Class are entitled to receive wages and compensation for all hours they worked.

68. Plaintiffs and others file the FLSA claims as a collective action.

69. Consent forms are attached as Exhibit A.

70. Plaintiffs file the IMWL claims as a class action under Federal Rule of Civil Procedure 23.

71. In addition to their base pay, Plaintiffs and similarly situated class members are entitled to receive commission payments.

72. Except for its general managers, Defendant pays a commission to its employees based on gym products that they sell ("Commission Class").

73. Defendant promised to pay members of the Commission Class commissions after the members reach a "commission threshold."

74. On numerous occasions, Defendant failed to pay Plaintiffs and other members of the Commission Class commissions for work they performed.

75. Defendant routinely made improper deductions from the commission compensation due to Commission Class members.

76.     Plaintiffs and other similarly situated individuals have communicated concerns regarding their pay to Defendant.

77.     Mr. Gooden e-mailed Defendant numerous times between October 2017 and March 2018 to express concern that Defendant was not properly paying him, and to ask for clarification on how Defendant calculated his compensation. Numerous other employees also expressed concern regarding their unpaid commissions.

78.     Defendant was aware that members of the Commission Class are owed additional compensation.

79.     Defendant's misconduct violates the IWPCA.

80.     Plaintiffs file the IWPCA claim as a class action under Federal Rule of Civil Procedure 23.

## COUNT I – FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Section 216(b) Collective Action)

81.     Plaintiffs re-allege and incorporate paragraphs 1-80 as if re-alleged here.

82.     Defendant was the employer of the Overtime Class during the relevant time period. This class encompasses Defendant's assistant general managers, sales employees, and fitness consultants. The members of the Overtime Class are not exempt employees under FLSA.

83.     Defendant required the members of the Overtime Class to work a minimum of 55 hours per week.

84.     Defendant paid the members of the Overtime Class a base salary of approximately $23,600.

85.     Defendant did not pay additional compensation, or overtime, to the members of the Overtime Class when the employees worked more than 40 hours per week.

86.     Defendant knew, or should have known, that the members of the Overtime Class were working more than forty hours in a given week.

87.     Defendant was the employer of the Personal Training Class during the relevant time period. This class encompasses Defendant's personal trainers.

88.     The members of the Personal Training Class are not exempt employees under FLSA.

89.     Defendant required the members of the Personal Training Class to appear at Defendant's location and conduct work, but failed to compensate the Personal Training Class for all hours worked. Defendant failed to properly pay the Personal Training Class overtime wages.

90.     Members of the Personal Training Class worked at an hourly rate.

91.     Defendant knew, or should have known, that the members of the Personal Training Class were working without receiving all of their wages.

92.     Based on the foregoing, Defendant violated the FLSA.

93.     As a direct and proximate result of Defendant's unlawful conduct, the members of the Overtime Class have suffered and will continue to suffer lost wages and other damages.

94.     Under FLSA, Plaintiffs and other similarly situated individuals are entitled to their unpaid wages, liquidated damages, and reasonably attorneys' fees and court costs.

**PRAYER FOR RELIEF**

95.     WHEREFORE Plaintiffs and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A.      That a finding be entered that Defendant willfully violated the FLSA;

B.      For the past three years, that Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid overtime compensation due to

12

them for each hour they worked in excess of forty in any given week, but for which Defendant failed to pay them at a rate equal to or greater than one and one-half times the regular rate at which they were employed;

C.     That Plaintiffs and other similarly situated individuals be awarded statutory liquidated damages in an amount equal to the actual damages, as allowed by the FLSA;

D.     That Plaintiffs and other similarly situated individuals be awarded interest on all amounts awarded;

E.     That Plaintiffs and other similarly situated individuals be awarded their costs of bringing this action, including reasonable attorneys' fees and all costs and expenses of suit; and

F.     That Plaintiffs and other similarly situated individuals be awarded any other and further relief as this Honorable Court deems necessary to effectuate the purpose of the FLSA.

## COUNT II – FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
(Rule 23 Class Action)

96.     Plaintiffs re-allege and incorporate paragraphs 1-95 as if re-alleged here.

97.     Defendant employed members of the Overtime Class as managers and assistant managers.

98.     Members of the Overtime Class are not exempt employees.

99.     Defendant required members of the Overtime Class to work a minimum of 55 hours per week.

100.     Defendant paid a $23,600.00 annual base salary to members of the Overtime Class.

101.    Defendant did not pay additional compensation or overtime for members of the Overtime Class when those employees worked more than 40 hours per week.

102.    Defendant knew, or should have known, that members of the Overtime Class worked more than forty hours in a given week.

103.    The members of the Personal Training Class are not exempt employees under IMWL.

104.    Defendant required the members of the Personal Training Class to appear at Defendant's location and conduct work, but failed to compensate the Personal Training Class for all hours worked and failed to properly pay them overtime wages.

105.    Members of the Personal Training Class worked at an hourly rate.

106.    Defendant knew, or should have known, that the members of the Personal Training Class were working without receiving all of their wages.

107.    Defendant violated the IMWL.

108.    Defendant's violation of the IMWL was willful in that Defendant was aware, or should have been aware, of its obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

109.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

110.    This Count is brought under Rule 23, because other persons are similarly situated to Plaintiffs and they are so numerous that joinder of all members is impracticable.

111.    Members of the Overtime Class are equally impacted by Defendant's violation of the overtime law, and the relief sought is for the benefit of both the individual Plaintiffs and the class Plaintiffs seek to represent.

112.    The issues involved in this lawsuit present common questions of law and fact.

113.    The common questions of law and fact predominate over the variations which may exist between members of the class, if any.

114.    Plaintiffs and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

115.    The violation Plaintiffs allege is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

116.    Plaintiffs believe and assert that they are able to fairly and adequately represent and protect the interests of the class.

117.    Plaintiffs' counsel is experienced in the prosecution of wage and hour class actions.

118.    If individual actions were required to be brought by each of the similarly situated individuals impacted, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

119.    A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of a common fund to which the class is entitled.

120.    Under the IMWL, Plaintiffs and other similarly situated individuals are entitled to their unpaid wages for three years, monthly damages for the underpayments, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

121.    WHEREFORE Plaintiffs and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A.    That a finding be entered that Defendant willfully violated the IMWL;

B.    For the past three years, that Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid overtime compensation due to them for each hour they worked in excess of forty in any given week, but for which Defendant failed to pay them at a rate equal to or greater than one and one-half times the regular rate at which Plaintiffs and other similarly situated individuals were employed;

C.    For the past three years, that Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid compensation due to them for each hour they worked, but for which Defendant failed to pay them;

D.    That Plaintiffs and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remained unpaid;

E.    That Plaintiffs and other similarly situated individuals be awarded interest on all amounts awarded;

F.    That Plaintiffs and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

G.    That Plaintiffs and other similarly situated individuals be awarded such other and further relief as this Honorable Court deems necessary to effectuate the purpose of the IMWL.

## COUNT III – FAILURE TO PAY COMMISSIONS IN VIOLATION OF
## THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Rule 23 Class Action)

122.     Plaintiffs adopt and re-allege paragraphs 1-121 as if fully alleged here.

123.     At all relevant times for this Complaint, the IWPCA was in effect.

124.     Defendant employed the Commission Class as managers, assistant managers and hourly employees.

125.     Section 3 of the IWPCA provides that Defendant must pay Plaintiffs and other similarly situated individuals their wages at least semi-monthly: "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." *See* 820 ILCS § 115/3.

126.     Members of the Commission Class were entitled to receive compensation for all of their work, including sales that earned them commission fees.

127.     Defendant failed to pay members of the Commission Class their full, earned compensation, due and owning.

128.     Based on the forgoing, Defendant violated the IWPCA.

129.     This Count is brought under Rule 23, because other persons are similarly situated to Plaintiffs and they are so numerous that joinder of all members is impracticable.

130.     Plaintiffs and other similarly situated individuals are equally impacted by Defendant's violation of the IWPCA, and the relief sought is for the benefit of the individual Plaintiffs and the class Plaintiffs seeks to represent.

131.     The issues involved in this lawsuit present common questions of law and fact.

132.     The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

133.     Plaintiffs and other similarly situated individuals and Defendant all have a commonality of interest in the subject matter and remedies sought.

134.     The violation Plaintiffs allege is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

135.     Plaintiffs believe and assert that he is able to fairly and adequately represent and protect the interests of the class.

136.     Plaintiffs' counsel is experienced in the prosecution of wage and hour class actions.

137.     If individual actions were required to be brought by each of the similarly situated individuals impacted, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well to the Defendant.

138.     A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of a common fund to which the class is entitled.

139.     Because Plaintiffs and other similarly situated individuals have been forced to take legal action to receive their wages, Plaintiffs and other similarly situated individuals are now entitled to receive their unpaid wages, along with attorneys' fees and costs and 2% interest each month for any late payments.  *See* 820 ILCS § 115/14(a).

140.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and other similarly situated individuals have suffered and will continue to suffer lost wages and other damages.

## **PRAYER FOR RELIEF**

141.    WHEREFORE Plaintiffs and other similarly situated individuals pray for judgment in their favor and against Defendant, and for the following relief:

A.    That a finding be entered that Defendant violated the IWPCA;

B.    For the past ten years, that Plaintiffs and other similarly situated individuals be awarded damages in an amount equal to the unpaid compensation due and owing;

C.    That Plaintiffs and other similarly situated individuals be awarded statutory damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

D.    That Plaintiffs and other similarly situated individuals be awarded interest on all amounts awarded;

E.    That Plaintiffs and other similarly situated individuals be awarded their costs of maintaining this action, including reasonable attorneys' fees, together with all costs and expenses of suit; and

F.    That Plaintiffs and other similarly situated individuals be awarded such other and further relief as this Honorable Court deems necessary to effectuate the purpose of the IWCPA.

Dated: August 9, 2018

                                   Respectfully submitted,

                                   By:     /s/ Amit Bindra
                                                   One of the Plaintiffs' Attorneys

Richard R. Gordon
Gordon Law Offices, Ltd.
111 West Washington Street, Suite 1240
Chicago, Illinois 60602
P: (312) 332-5200
F: (312) 242-4966
E: rrg@gordonlawchicago.com

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
1 East Wacker Drive, Suite 550
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822

## CERTIFICATE OF SERVICE

On August 9, 2018, I hereby certify that I served the foregoing Second Amended Complaint via the Court's CM/ECF system to the attorneys of record for CF Management-IL, LLC and Capital Fitness, Inc. who both d/b/a XSPORT FITNESS, INC.

Respectfully submitted,

By:     /s/ Amit Bindra
              One of the Plaintiffs' Attorneys

Richard R. Gordon
Gordon Law Offices, Ltd.
111 West Washington Street, Suite 1240
Chicago, Illinois 60602
P: (312) 332-5200
F: (312) 242-4966
E: rrg@gordonlawchicago.com

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
1 East Wacker Drive, Suite 550
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822

# Exhibit A

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant XSPORT FITNESS,
INC, or its parents, subsidiary, or affiliated companies has employed me within the prior three
years and in one or more of those weeks I was not paid all of the overtime wages or minimum
wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the
filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all
persons similarly situated to myself.

Printed Name:  Lundon Gooden

Signature:

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS,
INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed
me within the prior three years and in one or more of those weeks I was not paid all of the
overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I
authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action
in my name and on behalf of all persons similarly situated to myself.

Printed Name: William Cronch Jr
_____

Signature: _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.


Printed Name: <u>Christopher L. Marron</u>


Signature: _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.


Printed Name: _Lauren M Romano_____

Signature: _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
<u>ACTION UNDER THE FAIR LABOR STANDARDS ACT</u>**

  By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: <u>  Gabriel Sargent     </u>

Signature: <u>          </u>

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.


Printed Name: _Steven Sceerey_____


Signature: _Steven Sceerey_____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: <u>   Steve Herbert             </u>

Signature: <u> *Steve Herbert*            </u>

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
<u>ACTION UNDER THE FAIR LABOR STANDARDS ACT</u>**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _Phoenix Alnzam_

Signature: _[signature]_

Date: _05-04-2018_

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _Bertin Gwanwuvian_____

Signature: _____

Date: _05-14-2018_____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS,
INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed
me within the prior three years and in one or more of those weeks I was not paid all of the
overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I
authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action
in my name and on behalf of all persons similarly situated to myself.

Printed Name: _____

Signature: _____

Date: 05-11-2018 _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _____

Signature: _____

Date: 06-27-2018 _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE**
**<u>ACTION UNDER THE FAIR LABOR STANDARDS ACT</u>**

  By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: <u>Vincenza moreci</u>

Signature: <u>Vincenza moreci</u>

Date: <u>05-11-2018</u>

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _____

Signature: _____

Date: 05-11-2018 _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _Chris James_

Signature: _Chris James_

Date: _05-08-2018_

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _____

Signature: _____

Date: 05-17-2018 _____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: ___Gregory King_____

Signature: ___Gregory King_____

Date: ___05-24-2018_____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _Knstantinos kourpas_____

Signature: _Knstantinos kourpas_____

Date: _05-08-2018_____

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE
ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below, I represent to this Court that Defendant CAPITAL FITNESS, INC. d/b/a XSPORT FITNESS, or its parents, subsidiary, or affiliated companies has employed me within the prior three years and in one or more of those weeks I was not paid all of the overtime wages or minimum wage owed to me as required by 29 U.S.C. § 201, *et. seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Printed Name: _Jameel Wesley_____

Signature: _Jameel Wesley_____

Date: _05-08-2018_____