UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUNDON GOODEN, et al., | |
| Plaintiffs, | |
| v. | No. 18 CV 2200 |
| CAPITAL FITNESS, INC., doing business as XSPORT FITNESS, INC., | Judge Manish S. Shah |
| Defendant. | |

ORDER

Defendant's motion to strike and dismiss portions of the complaint [40] is granted in part, and plaintiffs' motions for conditional certification [14] and equitable tolling [34] are denied.

STATEMENT

Plaintiffs seek to represent a collective and class of employees against defendant Capital Fitness in this suit alleging violations of the Fair Labor Standards Act and state law concerning the payment of wages. Defendant moves to strike the collective/class allegations of the complaint because plaintiffs signed employment agreements that contained waivers of their rights to bring class or collective actions.

When an employee waives her right to participate in a class or collective action as part of an agreement to arbitrate employment disputes, that waiver is enforceable. *Epic Sys. Corp. v. Lewis*, — U.S. —, 138 S. Ct. 1612 (2018). The question here is whether a standalone class-action waiver is enforceable. Plaintiffs argue that these waivers have the effect of limiting their rights under the FLSA and are void. *See Killion v. KeHE Distributors, LLC*, 761 F.3d 574, 590–92 (6th Cir. 2014); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (waivers of FLSA rights to wages and liquidated damages are prohibited). Defendants say that waivers do not undermine the substantive rights guaranteed by the FLSA, and so they are not contrary to public policy. *See O'Neil*, 324 U.S. at 704 (statutory rights may not be waived if such waiver contravenes statutory policy).

The Federal Arbitration Act, and the corresponding policy that favors arbitration, provided a hook for the enforceability of class-action waivers in

arbitration agreements notwithstanding the FLSA's authorization of collective actions. *See Epic Systems*, 138 S. Ct. at 1619, 1626 (FLSA's collective action scheme does not overcome the Arbitration Act and allows agreements for individualized arbitration). That pro-arbitration policy has no interpretive role in this case because the agreements here are simple at-will employment contracts without arbitration clauses.

But the absence of arbitration does not make the waivers unenforceable. The FLSA does not guarantee collective process, and Federal Rule of Civil Procedure 23 creates a procedural (not substantive) device for class actions. *See Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1161 (7th Cir. 2016), *reversed by Epic Systems*, 138 S. Ct. 1612 (2018); *see also Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 332, (1980) (the right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims). The waivers here do not prohibit plaintiffs from vindicating their rights to wages and liquidated damages, and so they do not undermine the substantive policy enacted by the FLSA. *See Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F.Supp.2d 886, 894 (N.D. Ill. 2011) (FLSA does not prohibit contractually waiving the procedural right to join a collective action). I am not persuaded by *Killion*, 761 F.3d at 592; a countervailing federal policy is not required to enforce collective action waivers where the substantive rights guaranteed by federal law remain in place. Plaintiffs can present their wage and hour claims individually and they can enforce the public policy enacted by the federal and state statutes.

Plaintiffs waived their right to participate in a collective or class action and, therefore, I strike their allegations in support of a collective or class action and deny their motion for conditional certification. Similarly, because plaintiffs cannot represent absent class members, their request for equitable tolling of the claims of potential class or collective members is denied. Such claims are not before me and I have no authority over them.

Defendant's motion to dismiss the Illinois Wage Payment and Collection Act claim is denied without prejudice. Plaintiffs intend to file an amended complaint and any Federal Rule of Civil Procedure 12(b)(6) arguments should be made in response to that operative complaint.

ENTER:

Date: October 24, 2018

_____
Manish S. Shah
U.S. District Judge