IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| **LUNDON GOODEN, et al.,** <br> Plaintiffs, <br><br> v. <br><br> **CF MANAGEMENT-IL, LLC and** <br> **CAPITAL FITNESS, INC.** <br> **both d/b/a XSPORT FITNESS, INC.** <br> Defendants. | ) Case Number: 1:18-cv-02200 <br> ) Honorable Judge Manish S. Shah <br> ) <br> ) Honorable Magistrate Judge <br> ) Mary Rowland <br> ) <br> ) <br> ) <br> ) |

### JOINT MOTION TO APPROVE SETTLEMENT

1. Plaintiffs Phoenix Alazam, Ryan Augustine, Dakota Barringer, Reuben Castillo, Rocco Cordaro, Brian Cotton, Bertin Covarruvias, Matthew Darwit, Lundon Gooden, Cristobal Goyco, Gregory Gray, Steven Herbert, Krystal Hugelier, Konstantinos Kourpas, Steven Kroeze, Ebony Little, Jose Lopez, Eddie Marquie, Chris Marron, Vincenza Moreci, Steven Moshe, Colin Parker, Kyle Piotrowski, Gabriel Sargent, Steven Sceerey, Jason Shaw, Joseph Voss, Joseph Weitzman, Jameel Wesley, Jenna Wolthusen, and Bryce Fountain, and Defendants CF Management-IL, LLC and Capital Fitness, Inc. (collectively, the "Parties") jointly move this Court to approve the Confidential Settlement Agreement and General Release ("Settlement") entered into between the Parties to resolve this lawsuit brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et seq.* The Parties respectfully submit that the Settlement is the product of contested litigation and that the terms of the Settlement are fair, reasonable, and resolve a *bona fide* dispute between the Parties. The Settlement was facilitated with mediator Lynn Cohen on January 22, 2019.

2. On March 27, 2018, Plaintiff Lundon Gooden filed the Complaint against Defendants. *See* ECF No. 1. Since filing the initial Complaint, Plaintiffs amended the Complaint

1

on May 14, 2018 and August 9, 2018 to add additional parties. *See* ECF Nos. 26, 53. On October 25, 2018, the Court granted leave to file a Second Amended Complaint, but the Parties agreed to stay this matter to discuss a resolution. *See* ECF Nos. 60–61, 63.[1]

3. Plaintiffs allege three categories of claims: (a) that Defendants misclassified Plaintiffs and failed to pay overtime under FLSA and the IMWL, (b) that Defendants did not pay Plaintiffs who worked as personal trainers for all hours worked and thus failed to pay overtime under FLSA and the IMWL, and (c) that Defendants did not pay Plaintiffs who worked as personal trainers for all hours worked under the IWPCA.

4. Plaintiffs sought conditional and Rule 23 class certification, which Motions were denied. *See* ECF No. 59. The Settlement only releases the claims of the Plaintiffs as indicated in Paragraph 1 of this Motion.

5. On January 22, 2019, the Parties engaged in settlement negotiations through formal mediation and reached the Settlement. *See* Settlement, attached as Exhibit 1.

6. Between January 22, 2019 and the present, Defendants provided supplemental materials to finalize the individual calculations for each of the Plaintiffs. The Parties' counsel exchanged drafts of the Settlement, and the Parties executed the Settlement.

7. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) (citation omitted). Because this litigation arises in part from a private enforcement action under Section 216(b) of the FLSA, this Court should approve the Settlement if (a) it was reached as a result of contested litigation and (b) it is a fair and reasonable

---

[1] Shortly prior to and during the stay, Bryce Fountain, Dakota Barringer, and Brian Cotton joined this matter. Simultaneous with this Motion, Plaintiffs are also filing an unopposed Motion to add these new Plaintiffs.

2

resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Sharpe v. APAC Customer Services, Inc.*, No. 09-cv-329, 2010 WL 2698745, at *1 (W.D. Wis. June 16, 2010).

8. This Settlement is the result of contested litigation. The Parties exchanged documents for the purposes of resolving this matter. Through this exchange of documents, the Parties had the opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Only after continued negotiations and with the assistance of a mediator were the Parties able to resolve this dispute.

9. If this case were to proceed, the Parties would have to engage in a potential appeal regarding the enforceability of class action waivers, conduct oral and fact discovery, and engage in significant motion practice. If Plaintiffs prevailed on their claims, Defendants would be faced with the prospect of an adverse verdict and the obligation to pay attorneys' fees and costs. If Defendants prevailed, Plaintiffs would be faced with the dismissal of their claims with no recovery. The Settlement is, therefore, a product of contested litigation.

10. The Settlement also reflects a fair and reasonable resolution of a *bona fide* dispute between the parties. Here, there is a *bona fide* dispute between the parties over FLSA and IWCPA coverage. For example, Plaintiffs who worked as personal trainers allege that they worked substantial hours off the clock and that Defendants did not properly pay Plaintiffs for this work. Plaintiffs seek ten years of IWCPA coverage for this claim. Plaintiffs further allege that Defendants misclassified Plaintiffs to avoid paying overtime under FLSA. Defendants deny these claims. The Parties' Settlement recognizes the substantial expense and length of the proceedings necessary to continue the litigation, particularly in a fact-intensive case involving multiple distinct employee positions and employment claims, coupled with a potential appeal, taking into account the

uncertainty and risk of the outcome of further litigation, Defendants' defenses, and the difficulties and delays inherent in litigation. Accordingly, there is a *bona fide* dispute between the Parties.

11. The Settlement is also fair and reasonable, having resulted from arm's-length negotiations by experienced counsel with assistance from an experienced private mediator. The Settlement provides significant monetary relief to Plaintiffs and eliminates the inherent risk both sides would face if this complex litigation continued to a judgment on the merits. Under these facts, a presumption of fairness should attach to the Settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness); *Roberts v. Apple Sauce, Inc.*, No. 12-cv-830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ("The reviewing Court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'") (internal citations omitted).

12. Plaintiffs' counsel has experience in wage and hour litigation and believes the monetary terms of the Settlement are fair, adequate, and reasonable. The Parties have investigated and analyzed the facts and law and reached a reasonable settlement given the risk to which each side was exposed. The Settlement is fair, reasonable, and adequate, and provides the Plaintiffs with significant relief. Plaintiffs' attorneys' fees and costs are reasonable because of the issues presented in the case and the amount of resources dedicated to the analysis and prosecution of Plaintiffs' claims. If determined in accordance with Plaintiffs' counsel's normal hourly rate, Plaintiffs' attorneys' fees would far exceed the fees provided under the Settlement.

13. For the foregoing reasons, this Court should conclude that the Settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the Settlement between all Plaintiffs and Defendants.

14. Following the Court's review of the Settlement and in accordance with the Parties' Agreement, the Parties respectfully seek an order (a) approving the Agreement, (b) dismissing this matter without prejudice to allow enforcement of the Agreement, and (c) converting such dismissal without prejudice to a dismissal with prejudice within thirty (30) days of this Court's order, unless Plaintiffs file a motion to reinstate this matter in order to enforce the Agreement.

15. WHEREFORE, for each of the foregoing reasons, the Parties respectfully request this Honorable Court approve the Settlement reached between the Parties.

Dated: March 26, 2019

                                              Respectfully submitted,

                                        By:    /s/ Amit Bindra
                                                   One of the Plaintiffs' Attorneys

*Plaintiffs' Counsel*

Richard R. Gordon
Gordon Law Offices, Ltd.
111 West Washington Street, Suite 1240
Chicago, Illinois 60602
P: (312) 332-5200
F: (312) 242-4966
E: rrg@gordonlawchicago.com

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
1 East Wacker Drive, Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822

*Defendants' Counsel*

Gregory H. Andrews
Jeffrey L. Rudd
Alison B. Crane
Matthew M. Brown
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
(312) 787-4949
Chicago, Illinois 60601
gregory.andrews@jacksonlewis.com
jeffrey.rudd@jacksonlewis.com
alison.crane@jacksonlewis.com
matthew.brown@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

On March 26, 2019, I hereby certify that I served the foregoing JOINT MOTION TO APPROVE SETTLEMENT via the Court's CM/ECF system to the attorneys of record for CF Management-IL, LLC and Capital Fitness, Inc., who both d/b/a XSPORT FITNESS, INC.

                            Respectfully submitted,

                          By:    /s/ Amit Bindra
                                  One of the Plaintiffs' Attorneys

Richard R. Gordon
Gordon Law Offices, Ltd.
111 West Washington Street, Suite 1240
Chicago, Illinois 60602
P: (312) 332-5200
F: (312) 242-4966
E: rrg@gordonlawchicago.com

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
1 East Wacker Drive, Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822